

# THE ATTORNEY GENERAL
# OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

April 12, 1990

Honorable Juan J. Hinojosa
Chairman
Local and Consent Calendars
  Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. JM-1154

Re: Waiver of insurance deductible under section 27.02 of the Business and Commerce Code (RQ-1843)

Dear Representative Hinojosa:

You ask about the interpretation of section 27.02 of the Business and Commerce Code, which was added by the 71st Legislature. Acts 1989, 71st Leg., ch. 898, at 3925. Section 27.02 provides:

> (a) A person who sells goods or services commits an offense if:
>
> (1) the person advertises or promises to provide the good or service and to pay:
>
> (A) all or part of any applicable insurance deductible; or
>
> (B) a rebate in an amount equal to all or part of any applicable insurance deductible;
>
> (2) the good or service is paid for by the consumer from proceeds of a property or casualty insurance policy; and
>
> (3) the person knowingly charges an amount for the good or service that exceeds the usual and customary charge by the person for the good or service by an amount equal to or greater than all or part of the applicable insurance deductible paid by the person to an insurer on behalf of an insured or

remitted to an insured by the person as a rebate.

(b)  A  person  who  is  insured  under  a property or casualty insurance policy commits an offense if the person:

(1) submits a claim under the policy based on charges that are in violation of Subsection (a) of this section; or

(2) knowingly allows a claim in violation of Subsection (a) of this section to be submitted, unless the person promptly notifies the insurer of the excessive charges.

(c) An  offense under  this section  is  a Class A misdemeanor.

You ask whether a person who advertises or promises  to provide a  good  or  service  and  "waives  the  deductible" violates section 27.02(a).  We  understand you to be  asking about an advertisement or promise to engage in the following transaction:  A  person providing  a good  or service  would submit a bill  directly to  an insurer and  then accept  the portion of the bill paid by the insurer as satisfaction  for the entire claim.  In other words, the person providing  the good or service would not seek payment of the unpaid portion -- the insured's deductible -- from the insured.

Certainly that  type of  transaction comes  within  the spirit of  the prohibitions  set  out in  section  27.02(a). Declining to seek  payment of  the portion of  the bill  for which the  insured is  responsible has  the same  effect  as rebating  the  amount  of  the  deductible.  Nonetheless, "waiving the deductible"  is not encompassed  by the  actual language  of  either  subsection  (a)(1)(A)  or  subsection (a)(1)(B).  Declining to seek all  or part of the  deductible is technically not the same as "pay[ing] all or part of  any applicable  insurance  deductible."  Nor  is it  the same  as giving a  rebate of  all  or part  of the  deductible.  Due process requires that criminal statutes give fair notice  of the activity  that is  outlawed.  Papachristou v.  City  of Jacksonville, 405  U.S.  156  (1972).  A  forbidden act  must come within the prohibition of the statute and any doubt  as to whether an offense has been committed should be  resolved in favor of the accused.  Engelking v. State, 750 S.W.2d 213 (Tex.  Crim.  App.  1988).  Because  of  the  constitutional

requirement of fair notice of criminal acts, we think a court would conclude that the situation you describe as "waiving the deductible" is not an offense under section 27.02(a).

You also ask whether a violation of section 27.02(a) has occurred when a charge submitted to an insurer by a person providing a good or service is not in excess of that person's usual and customary charge for that good or service. It is an element of the offense created by section 27.02(a) that the person charge an amount in excess of his usual and customary charge. Without that element there is no offense under section 27.02(a).

### S U M M A R Y

A situation in which a person providing a good or service does not seek payment from an insured of the amount of his insurance deductible does not constitute a criminal offense under section 27.02(a) of the Business and Commerce Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General